Justice GINSBURG, concurring.
"[W]ords generally should be 'interpreted as taking their ordinary ... meaning ... at the time Congress enacted the statute.' " Ante, at 539 (quoting Wisconsin Central Ltd. v. United States, 585 U.S. ----, ----, 138 S.Ct. 2067, 2074, 201 L.Ed.2d 490 (2018) ). The Court so reaffirms, and I agree. Looking to the period of enactment to gauge statutory meaning ordinarily fosters fidelity to the "regime ... Congress established." MCI Telecommunications Corp. v. American Telephone & Telegraph Co., 512 U.S. 218, 234, 114 S.Ct. 2223, 129 L.Ed.2d 182 (1994).
Congress, however, may design legislation to govern changing times and circumstances. See, e.g., Kimble v. Marvel Entertainment, LLC, 576 U.S. ----, ----, 135 S.Ct. 2401, 2412, 192 L.Ed.2d 463 (2015) ("Congress ... intended [the Sherman Antitrust Act's] reference to 'restraint of trade' to have 'changing content,' and authorized courts to oversee the term's 'dynamic potential.' " (quoting Business Electronics Corp. v. Sharp Electronics Corp., 485 U.S. 717, 731-732, 108 S.Ct. 1515, 99 L.Ed.2d 808 (1988) )); SEC v. Zandford, 535 U.S. 813, 819, 122 S.Ct. 1899, 153 L.Ed.2d 1 (2002) (In enacting the Securities Exchange Act, "Congress sought to substitute a philosophy of full disclosure for the philosophy of caveat emptor .... Consequently, ... the statute should be construed not technically and restrictively, but flexibly to effectuate its remedial purposes." (internal quotation marks and paragraph break omitted)); H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 243, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989) ( "The limits of the relationship and continuity concepts that combine to define a [Racketeer Influenced and Corrupt Organizations] pattern ... cannot be fixed in advance with such clarity that it will always be apparent whether in a particular case a 'pattern of racketeering activity' exists. The development of these concepts must await future cases...."). As these illustrations suggest, sometimes, "[w]ords in statutes can enlarge or contract their scope as other changes, in law or in the world, require their application to new instances or make old applications anachronistic." West v. Gibson, 527 U.S. 212, 218, 119 S.Ct. 1906, 144 L.Ed.2d 196 (1999).